UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY MEITZNER,

          Plaintiff,

v.

          Case No.: 22-10131
          Honorable Gershwin A. Drain

O'REILLY RANCILIO P.C., et al.,

          Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#9], DENYING MOTION FOR DEFAULT JUDGMENT [#11], DENYING MOTION FOR SANCTIONS [#12] AND DISMISSING ACTION**

### I.  INTRODUCTION

Plaintiff Larry Meitzner, proceeding pro se, filed the instant action against the law firm, O'Reilly Rancilio, P.C., and two lawyers from the firm, Mark Kaszubski and Nathan Petrusak. Plaintiff brings claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Now before the Court is the Defendants' Motion to Dismiss, filed on February 21, 2022. Also, before the Court is the Plaintiff's Motion for Default Judgment and Motion for Sanctions. These matters are fully briefed, and a hearing is set for June 9, 2022. For the reasons that follow, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion for Default Judgment, as well as Plaintiff's Motion for Sanctions.

## II.     FACTUAL BACKGROUND

Plaintiff brings this action against Defendants, O'Reilly Rancilio, P.C., Mark Kaszubski and Nathan Petrusak, the firm and attorneys representing the City of Sterling Heights and the City Manager in another lawsuit, also filed by Plaintiff. *See Meitzer v. City of Sterling Heights*, No. 21-12169 ("Underlying Lawsuit").

When Plaintiff filed his Complaint in the Underlying Case, there was a deficiency relating to a filing fee that caused summonses not to be issued by the Clerk of the Court. On September 16, 2021, the following deficiency notice was directed to Plaintiff: "Deficiency directed to Larry Meitzner: Initiating document filed without any form of payment or Application for In Forma Pauperis." Thereafter, on or about September 27, 2021 (marked received October 5, 2021), Plaintiff sent a letter to the United States District Court, addressed to Chief Judge Hood that opened with the following remark: "I see that you staff is up to its old tricks: playing games, parsing words, delayed mailing." (Exhibit A, Sept. 27, 2021 Lrt. to Chief Judge Denise Page Hood.) Within his letter, Plaintiff admits that the Summons and Return of Service "are neither signed nor embossed with the Court's seal" and request that the error be corrected "posthaste to avoid the deadline for filing the necessary paperwork."

Plaintiff then filed Motions for Default Judgment against the defendants in the Underlying Case.  The summonses were not issued by the Clerk of the Court

2

until November 9, 2021—four days after the default judgment motions were filed. Defendants contacted Plaintiff and offered to waive service of the Complaint and Plaintiff purportedly agreed to the waiver of service. Following the waiver of service, on December 18, 2021, Defendants filed their Answer and affirmative defenses in the Underlying Lawsuit.

At a status conference in the Underlying Lawsuit, Plaintiff appeared and handed Defendant Petrusak a copy of the Complaint in the instant action. The basis of the instant lawsuit is the Defendants' waiver of service in the Underlying Lawsuit. Plaintiff's present action is patently frivolous and subject to dismissal.

## II. LAW & ANALYSIS

### A. Motion to Dismiss

### 1. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual

3

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

2. **Failure to State a Claim**

Here, Plaintiff's Complaint is subject to dismissal because he fails to state a claim upon which relief can be granted. In order to sustain a § 1983 claim, a plaintiff must establish two elements. The first is that the "plaintiff must establish that it was deprived of a right secured by the Constitution or laws of the United States." *Memphis, Tennessee Area Local, American Postal Workers Union, FL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). "'The first step in [a § 1983] claim is to identify the specific constitutional right allegedly infringed.'" *Moniz v. Cox,* 512 F. App'x 495, 498 (6th Cir. 2013) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Such rights include the deprivation of life, liberty, or property interests without due process of law. *Parker v. City of Burnside*, Ky., 289 F.3d 417, 431 (6th Cir. 2002).

In this case, Plaintiff does not assert a deprivation of any of the above interests nor a violation of any other recognized constitutional right. Instead, Plaintiff claims that the waiver of service "must be considered perjury" in violation of § 1983 and § 1985. However, Plaintiff fails to cite any case law establishing that a waiver of service under the Federal Rules of Civil Procedure violates a constitutional right. As there is no constitutional right violated, Plaintiff has no claims against these Defendants.

Even if some semblance of a constitutional violation could be found in Plaintiff's Complaint, the second element required under § 1983 is that the

constitutional deprivation "was caused by a person acting under color of state law." *Memphis, Tennessee Area Loc., Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A person is "acting under color of state law" when a person has exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed in the authority of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, it is well-established that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Smith v. Hilltop Basic Res., Inc.*, 99 F. App'x 644, 646 (6th Cir. 2004) (quoting *Polk County v. Dodson*, 454 U.S. 312, 318 (1981). Likewise, it is well-established that "private attorneys are not considered to be state actors for purposes of § 1983." *Carswell v. Hughes*, 215 F.3d 1325 (6th Cir. 2000) Indeed, this Court has previously held that "a private practice attorney engaged to represent" a municipality is a private person. Dubuc v. Green Oak Twp., 2010 WL 3245324, *2 (E.D. Mich. 2010).

In this case, Defendants Orlaw, Kaszubski, and Petrusak were retained by the City's insurance carrier, Michigan Municipal Risk Management Authority ("MMRMA"), on November 17, 2021 to represent the City and the City Manager in the Underlying Case. It was in the capacity as private attorneys for the MMRMA that Defendant Petrusak reached out to Plaintiff and discussed, executed, and filed the Waiver of Service. The act of signing and filing a waiver of

service form is not an action committed by a person "acting under color of state law."

Plaintiff also fails to state a viable conspiracy claim. In order to establish a conspiracy claim under § 1985, a plaintiff must show:

> 1) a conspiracy; 2) for purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Riddle v. Egensperger*, 266 F.3d 542, 549 (6th Cir. 2001). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Additionally, "a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable, tort." *Petroleum Enhancer, LLC v. Woodward*, 690 F.3d 757, 769 (6th Cir. 2012).

Moreover, with respect to the second element under § 1985, a plaintiff must establish the existence of "some racial, or perhaps otherwise class-based animus behind the conspirators' action." *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Dismissal is proper where a plaintiff has failed to plead that they are a member of a "discrete and insular" minority which are accorded "special protection under the

Equal Protection Clause because of inherent personal characteristics." *Nat'l Commc'n Sys., Inc. v. Michigan Pub. Serv. Comm'n*, 789 F.2d 370, 374 (6th Cir. 1986).

Here, Plaintiff has failed to allege the elements of a § 1985 claim. Plaintiff has failed to allege how discriminatory animus was behind any alleged action. To be clear, Plaintiff does not allege that racial animus, or any other invidious classification, was behind the conspirators' action. Moreover, with respect to the fourth element, Plaintiff has failed to state how the alleged conspiracy caused him any injury. Specifically, it is unclear how Plaintiff was injured by an allegedly defective waiver of service where he admittedly did not comply with Fed. R. Civ. P. 4 when it came to the service of the defendants in the Underlying Case. Where there is no underlying constitutional violation, there cannot be a conspiracy to further that non-existent violation. Therefore, Plaintiff's conspiracy claim against Orlaw, Kaszubski, and Petrusak must also be dismissed.

### B. Plaintiff's Motions

Plaintiff's Motion for Default Judgment is due to be denied. The Defendants filed their Motion to Dismiss within 21 days of service of the Complaint. The filing of a motion under Fed. R. Civ. P. 12(b)(6) tolls the 21-day deadline to file an answer until the motion is decided. Fed. R. Civ. P. 12(a)(4); *see also In re CyberCo Holdings, Inc.*, 382 B.R. 118, 124 (Bankr. W.D. Mich. 2008) ("Rule

12(b) permits a defendant to forgo an answer and to instead file a motion to dismiss based upon certain defenses."). Additionally, Plaintiff is also not entitled to a default judgment because no default has been entered by the Clerk as required under Fed. R. Civ. P. 55(a). *Ramada Franchise Sys., Inc. v. Baroda Enterprises, LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ("[A]n entry of default is a prerequisite to a default judgment. Thus, a default judgment cannot be granted until a default is entered by the Clerk."). *See also* 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d ed.1998).

Finally, Plaintiff is not entitled to the imposition of sanctions against Defendants. Under Rule 11, Plaintiff has the burden of establishing that a "reasonable inquiry" would have disclosed that a "pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988). "In this Circuit, the test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was reasonable under the circumstances." *Salkil v. Mount Sterling Twp. Police Dept.*, 458 F.3d 520, 528 (6th Cir. 2006) "The court is 'expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading,

9

motion, or other paper was submitted.'" *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers,* 613 F.3d 609, 626 (6th Cir. 2010).

Finally, Rule 11 provides that before a sanctions motion can be filed, the moving party's motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Thus, by filing his instant Motion with the Court, Plaintiff violated Rule 11(c)(2)'s prohibition on filing because he did not serve it on Defendants before filing. Therefore, Plaintiff's Motion must be denied on this basis.

### III. CONCLUSION

Accordingly, for the reasons articulated above, Defendants' Motion to Dismiss [#11] is GRANTED.

Plaintiff's Motion for Default Judgment [#11] is DENIED.

Plaintiff's Motion for Sanctions [#12] is DENIED.

SO ORDERED.

Dated: June 21, 2022                /s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 21, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager